# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE BRIGGS,<br><br>          Plaintiff,<br><br>     v.<br><br>G. OROZCO, et al.,<br><br>          Defendants. | Case No.  1:15-cv-00789-LJO-SAB-PC<br><br>FINDINGS AND RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>OBJECTIONS DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.  Currently before the Court is Plaintiff's complaint, filed May 26, 2015.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Pelican Bay State Prison, brings this civil rights action against Fresno County Superior Court Judge Gary Orozco and Pelican Bay Warden C. E. Ducart. Plaintiff also names the State of California. Plaintiff claims that he is illegally detained pursuant to an unlawful sentence.

Plaintiff specifically alleges that Judge Orozco "sentenced me illegally and now changes in the sentencing law require him to correct that sentence by reduction to a lower offense and lower length of term. He refuses to correct the sentence which is required by his judicial duties." (Compl. p. 5.) Plaintiff alleges that Warden Ducart unlawfully detains prisoners based on

inaccurate information, and refuses to release prisoners in the interests of justice.  Plaintiff seeks release from custody.

### III.
### DISCUSSION

**A.     Immunity**

1. Judge Orozco

It is well established that judges are entitled to absolute immunity for judicial acts. Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985); Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Crowe v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003).  The only conduct charged to Judge Orozco relates to the sentencing of Plaintiff and an alleged refusal to reduce the sentence.  These are core judicial functions, for which Judge Orozco is clearly immune from suit.

2. State of California

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Though it language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by both its own citizens, as well as by citizens of other states."  Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); Puerto Rico Aqueduct Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).   The State of California is therefore immune from suit.

**B.     Venue**

The sole remaining Defendant is Pelican Bay Warden Ducart.  Pelican Bay State Prison is located in the Northern District of California.  "For the convenience of the parties and in the interests of justice, a district court may transfer any civil action to any other district of division where it might have been brought." 28 U.S.C. § 1404(a).  The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial

district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may be otherwise brought." 28 U.S.C. § 1391(b). The decision to transfer venue of a civil action under §1404(a) lies soundly within the discretion of the trial court. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). Because Warden Ducart is the sole Defendant in this action, venue is appropriate in the Northern District of California. For the reasons noted below, the complaint fails to state a claim for relief and should be dismissed. The Court therefore declines to transfer this action to the Northern District.

### C. Habeas

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied, 498 U.S. 1126 (1991). Where the complaint states a habeas claim instead of a § 1983 claim, the court should dismiss the claim without prejudice for failure to exhaust, rather than converting it to a habeas action and addressing it on the merits. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Where the complaint alleges claims that sound in habeas and claims that do not, the court should allow the non-habeas claims to proceed. See Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.3d 675, 681-82 (9th Cir. 1984).

Here, Plaintiff's central claim is that he is illegally confined due to an unlawful sentence, and seeks release from custody. Plaintiff's claim clearly sounds in habeas. This action should therefore be dismissed without prejudice to the filing of a petition for writ of habeas corpus.

## IV.

## CONCLUSION AND RECOMMENDATION

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Based upon the allegations in Plaintiff's complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for relief under 42

1  U.S.C. § 1983, and further amendment would be futile.  See Hartmann v. CDCR, 707 F.3d 1114,
2  1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be
3  futile.")   Based on the nature of the deficiencies at issue, the Court finds that further leave to
4  amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson,
5  809 F.2d 1446-1449 (9th Cir. 1987).

  Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice to the filing of a petition for writ of habeas corpus in a separate action.

  These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of 28 U.S.C. §636 (b)(1).  Within **thirty (30)** days after being served with these Finding and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 4, 2016**

UNITED STATES MAGISTRATE JUDGE